IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JAMES P. HUGHES, JR. | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 19-3106 |
| | ) | |
| CHERRYLE HINTHORNE[1], Warden, | ) | |
| Illinois River Correctional Center, | ) | |
| | ) | |
| Respondent. | ) | |

OPINION

RICHARD MILLS, United States District Judge:

James P. Hughes, Jr. was convicted of attempted first degree murder, armed violence and aggravated battery and then sentenced to 28-years' imprisonment.

Pending is Hughes's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody.

I.   BACKGROUND

Following a jury trial, James P. Hughes, Jr. was convicted of attempted first degree murder, armed violence and aggravated battery for stabbing a doctor in the chest while he was being treated in the emergency room. The trial court sentenced

---

[1] Cherryle Hinthorne, the Warden at Illinois River Correctional Center, is substituted as the as the proper Respondent under Federal Rule of Civil Procedure 25(d).

1

Hughes on the attempted murder conviction to 28 years in prison and found that the other counts merged.

On appeal, Hughes claimed that the evidence was insufficient and he also challenged the trial court's jury instructions. The Illinois Appellate Court affirmed.

Hughes filed a petition for leave to appeal ("PLA"), which the Illinois Supreme Court denied on January 20, 2016. He did not file a petition for writ of certiorari in the United States Supreme Court.

Hughes filed his first petition for relief from judgment under 735 ILCS 5/2-1401 while his direct appeal was still pending. The trial court dismissed the petition. Hughes filed an appeal that he later dismissed.

On June 7, 2016, Hughes filed a second § 2-1401 petition. He claimed, in pertinent part, that:

(1) the prosecutor knowingly presented false testimony and evidence at trial;

(2) the prosecutor withheld favorable evidence;

(3) trial counsel was ineffective for failing to investigate a prior incident at the hospital and to challenge certain evidence at trial;

(4) appellate counsel was ineffective; and

(5) the trial court violated due process by barring testimony from Hughes's expert.

Following a hearing at which Hughes appeared by telephone, the trial court dismissed the petition as untimely.

Hughes appealed, arguing only that the trial court denied him the right to be personally present at the hearing on his second § 2-1401 petition. The Illinois Appellate Court held that the trial court did not violate Hughes's due process right and affirmed the judgment on July 5, 2019. Hughes filed a PLA in the Illinois Supreme Court, which was denied.

On March 21, 2019, Hughes filed a postconviction petition under 725 ILCS 5/122-1 in the state trial court. On July 16, 2019, the court docketed the petition for further proceedings and appointed counsel to represent Hughes.

On April 8, 2019, Hughes mailed his § 2254 petition to this Court. The petition was filed on April 24, 2019. Hughes later supplemented his petition with additional clams.

In <u>ground one</u>, Hughes alleges prosecutorial misconduct, perjury and false testimony in violation of his due process rights;

In <u>ground two</u>, Hughes alleges the State falsified evidence at trial in violation of his due process rights;

In <u>ground three</u>, Hughes alleges the trial court abused its discretion and denied him due process when it barred testimony from his mental health expert;

In <u>ground four</u>, Hughes alleges ineffective assistance of trial counsel for failing to investigate a prior incident at the hospital, failing to challenge certain evidence at trial and filing a frivolous post-trial motion for new trial, and that appellate counsel was ineffective for failing to argue additional issues that Hughes wished to raise;

In <u>ground five</u>, Hughes alleges the prosecutor and his counsel conspired against him to obtain an unlawful conviction;

In <u>ground six</u>, Hughes alleges his confession should have been suppressed as involuntary;

In <u>ground seven</u>, Hughes alleges his sentence violated the Illinois Constitution; and

In <u>ground eight</u>, Hughes alleges the crime scene had been altered before police arrived.

## II.   DISCUSSION

To obtain habeas relief, a petitioner must show that the state court's rejection of the grounds was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Alternatively, he must show that the court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

A petition for writ of habeas corpus under § 2254 is subject to a one-year statute of limitations that typically runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A).

In this case, Hughes's judgment of conviction became final on April 19, 2016, ninety days after the Illinois Supreme Court denied his PLA, which is when Hughes's time for filing a certiorari petition in the United States Supreme Court expired. *See* Sup. Ct. R. 13; *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (conviction becomes final when time for filing certiorari petition expires). Hughes's federal petition is untimely. It was due one year after his conviction became final, on April 19, 2017, and the petition he filed in April 2019 is nearly two years late.

Under 28 U.S.C. § 2244(d)(2), Hughes would be entitled to toll the limitations period that a "properly filed" state collateral attack was pending. None of Hughes's collateral attacks meet that standard. His second § 2-1401 petition was dismissed as untimely. Therefore, it does not qualify as a "properly filed" application for collateral relief and does not toll the limitations period. *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). On appeal, Hughes did not contend that the trial court erred in deeming his § 2-1401 petition untimely and the appellate court affirmed the judgment of dismissal.

Hughes filed a PLA which the Illinois Supreme Court denied on November 26, 2019. That judgment is final. Because the PLA was untimely, it is not a "properly filed" state collateral attack and does not toll the statute of limitations. *See* 28 U.S.C. § 2244(d)(2); *Pace*, 544 U.S. at 417.

Hughes's March 2019 state postconviction petition, which was pending in the state trial court, lacks tolling effect because it was filed after the limitations period expired in April 2017. *See De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009) ("[A] state proceeding that does not begin until the federal year has expired is irrelevant.").

Based on the foregoing, Hughes's petition was filed well after the expiration of the limitations period and is not timely due to statutory tolling. Accordingly, the Court will dismiss the petition.

### III.

Upon reviewing the record, the Court finds that Petitioner has not "made a substantial showing of the denial of a constitutional right," *see* 28 U.S.C. § 2253(c)(2), and thus is not entitled to a certificate of appealability under Rule 11(a) of the Rules Governing Section 2254 Cases. If the Court denies habeas relief on procedural grounds, a certificate of appealability should issue only if the petitioner shows that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find

it debatable whether the district court was correct in its procedural ruling." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Because it is not debatable that Hughes's petition is untimely, the Court will deny a certificate of appealability.

Ergo, the Petition of James P. Hughes, Jr. for Writ of Habeas Corpus under 28 U.S.C. § 2254 [d/e 1] is DISMISSED as untimely.

A certificate of appealability is DENIED.

The Clerk will substitute Cherryle Hinthorne, Warden of Illinois River Correctional Center, as the proper Respondent under Federal Rule of Civil Procedure 25(d), and terminate Frank Lawrence as Respondent.

The Clerk will enter Judgment and terminate this case.

ENTER: April 8, 2021

    FOR THE COURT:

/s/ *Richard Mills*
Richard Mills
United States District Judge